MEMORANDUM **
Lima Corona, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ summary affirmance without opinion of an immigration judge’s denial of her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252.
Corona contends that the IJ erred as a matter of law in concluding that her administrative voluntary departure in June 1994 constituted a break in continuous physical presence such that she failed to meet the requisite ten-years of continuous physical presence prior to issuance of the Notice to Appear. The IJ properly concluded that an administrative voluntary departure may constitute a break in continuous physical presence. See Vasquez-Lopez v. Ashcroft, 343 F.3d 961, 972 (9th Cir.2003) (per curiam). However, Corona further contends that her administrative voluntary departure did not break her continuous physical presence because she did not knowingly and voluntarily accept the departure in lieu of being placed in immigration proceedings.
We recently held that an agreement for voluntary departure should be enforced against an alien only when the alien has been informed of, and has knowingly and voluntarily consented to, the terms of the agreement. See Ibarra-Flores v. Gonzales, 439 F.3d 614 (9th Cir.2006). On the agency record before us, we cannot determine whether Corona’s acceptance of administrative voluntary departure was knowing and voluntary. Although the government appended to its brief a copy in Spanish of an 1-827 form that purports to demonstrate that Corona was notified of and waived her right to a hearing before an immigration judge, that evidence was *837 not part of the administrative record. Accordingly, we remand to the agency for consideration of the 1-827 evidence in the first instance, and for further proceedings to determine Corona’s eligibility for cancellation of removal. On remand, both parties are entitled to present additional evidence regarding any of the predicate eligibility requirements, including continuous physical presence.
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.